No 8.—Morgan M. Mills, administrator, plaintiff in error, vs. Nathaniel S. Glover, defendant in error.

[1.] Under proceedings to obtain a restoration of personal property to the possession of a party from whom it has been taken without his or her consent, neither the right to the possession, nor the title to the property can be investigated.

[2.] After the expiration of four years from the taking, a possessory warrant will not lie, the party having had the possession in the mean time without disturbance.

*Possessory warrant*, from Jones Superior Court. Decision by Judge Hardeman at Chambers, 24th April, 1857.

On the 23d April, 1857, a possessory warrant issued at the instance, and upon the affidavit, of Morgan M. Mills, administrator of John Towles deceased, against Nathaniel S. Glover, to recover the possession of a large number of slaves, some forty-five or fifty, alleged to be the property, and in the possession of affiant's intestate, at the time of his death, and which were shortly thereafter taken and carried off illegally and without lawful authority, by Glover.

The following statement of facts was agreed upon by the Counsel, viz :

That Towles died in the possesion and control of the negroes; that Glover took possession of them and carried them off

from Towles' plantation to his own, after the death of Towles, and that he now has possession of the same; that Glover took them openly in the day time, and without violence. That when he took possession, he said he did it by virtue of a deed from Towles to himself, which he exhibited; that the negroes mentioned in said deed are the same, with their increase, now sought to be recovered.

That Towles died on the 27th day of November, 1852, and Glover took possession of the negroes on the 16th day of December, 1852, and that letters of administration were granted to Mills 2d May, 1853.

Mills objected to the admissibility in evidence, in excuse, justification or maintenance of Glover's possession, what he said or did in relation to said deed, at the time he took the negroes; the testimony was heard subject to this objection.

After the testimony was closed, and during the argument, Counsel for Mills offered to prove by three witnesses, that he made a demand upon Glover for the negroes on the 9th day of January, 1856, which the Court refused to allow. Counsel also offered to introduce Mills' letters of administration to show that the statute of limitations did not begin to run till the date or period of granting said letters; this the Court also refused, for the purpose intended, but permitted the letters to be read, to show that Mills was the administrator. To which rulings counsel for Mills excepted.

Judge Hardeman, after hearing argument, dismissed the warrant, on the ground that Glover had been in possession more than four years before the same was issued. And Counsel for Mills excepted.

BAILEY, NESBIT and GIBSON, for plaintiff in error,

POE, and GRIER, for defendant in error.

*By the Court.*—McDONALD J. delivering the opinion.

On the preliminary motion made in this case we pronounce

no judgment, but will pass at once to the consideration of the questions presented in the record.

On the return of the warrant the plaintiff in error offered to prove that he had demanded of Glover the negroes, and tendered in evidence, his letters of administration to show hat the statute of limitations did not run till the issuing of the letters of administration. The judge refused to hear both, and his decision was excepted to. The only matter before the Judge was the question of possession. Neither the right of possession nor the question of title could be heard by him in this proceeding.

If the object had been to prove that the letters related back to the death of the intestate, to show that the taking was from his constructive possession, then, more than four years had passed since the taking from that constructive possession.

If the object was to show that the action of trover, was not or would not be barred, that was an issue which involved the title or right of possession, and not the naked question of possession, which the Judge alone could hear. There is no act of limitations to possessory warrants; but from the object of the Act, the purpose and intent of the Legislature to restore, at once a possession of which a party had been deprived surreptitiously or by fraud or violence, and from the affidavit, the party must make, in case the property was taken in a manner unknown to him, that the property was "recently" in his possession, I should be disposed to hold, that the party losing the property should proceed with all reasonable dispatch to obtain a restoration of the property to his possession, but for the proviso at the close of the first section of the statute, that no person shall be committed for refusing to produce the property, when it shall be proven to have been in his possession for four years, next preceding the issuing of the warrant. But it does not necessarily follow from the provision in the act prohibiting, after the expiration of four years, the imprisonment of the party failing to produce the property, when it had been clandestinely taken and concealed

and out of reach of the arrest of the Sheriff, that the party losing the possession should have four years to institute proceedings where the taking was open, and the possession public and notorious. We think there was no error in the refusal of the judge to hear the letters of administration. The demand could not, if proven, have been evidence of the resumption of the possession. This Court has held that the levying on land by an officer is no interruption of the peaceable possession of the occupant of the land. *Lessee of Gittens vs. Lowry*, 15th *Geo. Rep.* 339.

The judge who issued the possessory warrant, after hearing the evidence touching the possession of the negroes, dismissed it at the cost of the affiant, on the ground that Glover had been in possession of the negroes for four years next preceding the issuing of the warrant.

The sole matter of enquiry in this case was respecting the possession of the property. The affidavit of the injured party is the foundation of the proceeding. It has for its object, the change of the possession of property, and excludes the trial of the right to the possession or the title to the property. It is a proceeding unknown to the common law. It is prescribed by statutes. The party being entitled to the remedy by statute alone, must pursue the statute. The oath required by the statute, must be made by the party. The statute requires that the party should depose that the property was taken, enticed or carried away by fraud &c., *"from the possession of the deponent,"* or, that the property "having been recently in the quiet, and legally, and peaceably acquired possession *of the deponent, &c."* The party in this case, claiming to have been injured, deposes "that after the death of John Towles, to-wit : on the 16th day of December, eighteen hundred and fifty-two, or on some other day near about that time, one Nathaniel S. Glover, of said county of Jones, as the deponent is informed and believes, illegally and in fraud of the law, took without lawful authority and carried away said negro slaves from the peaceably and lawfully acquired posses-

ion of John Towles, which possession devolved," &c. The property was not taken from the possession of the party making the affidavit. The deposition so states. I am not prepared to hold that a constructive possession will authorize the proceeding. The statute deals entirely with the ·actual possession. But admitting it did, the claimant's constructive possession, did not extend beyond the time that Glover obtained the actual possession. The time of the granting of the letters has nothing to do with the question of possession under this statute The possession of Glover was of more than four years duration, and we believe the order of the Judge dismissing the warrant was right and proper.

·Judgment affirmed.