MENKENS, Appellant, v. WATSON, Respondent.

1. One who ratifies an act done in his name without previous authority ratifies it as done; he can not make such an agent responsible for not doing the ratified act in the manner he would have been bound to perform it if he had been an authorized agent.

*Appeal from St. Louis Court of Common Pleas.*

The petition in this case states that on the 23d of April, 1849, plaintiff entrusted to one Andrew Duhring, who was then on the point of departing to California, an amount of jewelry of the value of $1,556.67 ; that on or about said date said Duhring started for California; that he died before reaching Sacramento city ; that the jewelry was delivered to certain auctioneers in Sacramento city, who sold the same on account of whom it might concern ; that on or about October 24, 1849, one Hastings was appointed administrator of the estate of said Duhring ; that he gave bond, &c., and received the amount of said sales ; that he made his final settlement, from which it appeared that $1,193.80 was found due plaintiff, Menkens, the goods found in Duhring's possession having been delivered to him as plaintiff's agent ; that on or about November 13, 1851, defendant, Watson, " representing himself to said administrator as having authority so to do, collected the said amount of $1,193.80 so coming to plaintiff as above shown from said administrator, for which he gave a receipt in full for $1,000 ;" that by reason of the premises defendant is justly indebted to plaintiff in the sum of $1,193.80, with interest, &c.

The following is the finding of the facts by the court : " On the 23d of April, 1849, the plaintiff placed in the possession of Andrew Duhring, as plaintiff's agent, the jewelry and watches in the petition mentioned, to be taken by said Duhring to California and sold for the plaintiff on commission, valued at $1,556.67. Whilst said Duhring was on his way to California he died and said jewelry and watches were taken by John Turner, who had been requested by the plaintiff to take charge of the same if any accident happened to said Duhring. Said jewelry and watches were, with the consent and under the direction of said Turner, sold at auction in Sacramento city, in the state of California, and the proceeds thereof were paid over by the auctioneers, on the order of said Turner, to S. C. Hastings, who was acting at the time

as administrator of said Duhring. The said Hastings had in his possession, of said proceeds, $1,193.80, which sum he loaned to Berryman Jennings, with the approbation of the judge of the court making the appointment of said administrator. Said Jennings became insolvent. The defendant, representing himself to be the agent of the plaintiff duly authorized to settle with said Hastings, gave the receipt offered in evidence, having settled with said Hastings by receiving from him a contract for lands, as specified in said receipt, the title to which land completely failed. The defendant never received from said Hastings any thing except said contract. No amount was found by said court due to the plaintiff on the final settlement of said administrator, nor did the defendant ever collect or receive from said Hastings for or on account of the plaintiff, or purporting to act as plaintiff's agent, any money whatever. As such agent for plaintiff the defendant did receive a contract for land as stated in said receipt and did sign said receipt, but never received possession of or a deed for said land, and the title for said land has entirely failed. Whereupon the court declares that the plaintiff is not entitled to recover, and gives judgment for the defendant." The receipt mentioned in the petition is not found in the record. The following receipt appears in the brief of the plaintiff's counsel: " Sacramento city, November 13, 1851. Received of S. C. Hastings $1,000 by contract and sale of one-tenth of a certain tract of land described in a written contract of even date herewith, in full satisfaction of all demands against the said Hastings as administrator of Andrew Duhring, deceased, by the heirs, creditors or any person interested in said estate. R. J. Watson."

The court gave judgment for the defendant. Plaintiff filed his motion for review, which being overruled, he appealed.

*Whittelsey*, for appellant.

1. The defendant, acting as plaintiff's agent to collect what belonged to plaintiff, received the amount in land which he

had no authority to do, and the plaintiff has never ratified his acts. He could only collect in money. (10 B. & C. 760; 4 B. & Ald. 210, 395; 2 Y. & Coll. 414; 1 B. & Ad. 605; 11 Texas, 764; 33 Eng. L. & Eq. 321; Sto. on Ag. § 98, 181, 413, 99.) Having received payment in land for his own benefit, he is liable to his principal for the whole amount. (1 Am. Lea. Cas. 480; 3 Mass. 403; 6 Watts & Serg. 264.)

*H. N. Hart*, for respondent.

I. The facts found warrant the judgment.

Scott, Judge, delivered the opinion of the court.

The most important paper in this cause and one which is the foundation of the defendant's liability is neither to be found in the record nor is it set out in the finding of the court. It seems that the money of the plaintiff, which was due from the estate of Duhring, was lost by loaning it out to one who proved afterwards to be insolvent. It does not appear that the administrator Hastings was liable for this loss, as the law of California in relation to this subject was not given in evidence. The inference would seem to be that he was not liable, as it is stated that the loan was made with the approbation of the judge who made the appointment of the administrator. Now, if the plaintiff's debt was lost before the defendant interfered, a strong reason would be required to subject him to its payment—stronger than any found on the record. The motive of the defendant in giving the receipt and acting as agent for the plaintiff should have been shown. If the defendant had no authority to act in the matter, his conduct might have been disclaimed, and Hastings, if he was liable, might still have been compelled to pay the debt. The defendant not being a regularly constituted agent, but only becoming so by the adoption of his act, his act must be taken as it is, and it can not be made a ground for treating him as though he was a lawful agent. As the plaintiff seeks to subject the defendant to liability by reason of the

receipt, it should have been set out in the record. The principle that an agent can not receive any thing but money in payment of a money demand is a correct one, but its application under the circumstances of this case is not very apparent.

The judgment is affirmed ; the other judges concurring.