McCay, Judge.
The facts of this case are precisely-the same as appeared in the case of the Southern Express Company vs. Shea, 38 Georgia, 531, and in the case of the Southern Express Company vs. Cohen & Menko, 45 Georgia, 148. It may be added, too, that the form of the action is also the same, to-wit: an action upon the case against the Express Company as a common carrier, for negligence. It would seem to follow, that this case must take the same course as did those cases. The decision in the case of Shea vs. The Southern Express Company necessarily follows from the unanimous decision of this Court in Purcell’s case, 37 Georgia. 103, and in the two cases in the 36 Georgia, 532, 635. This Court in those cases had, by an unanimous decision, held that a common carrier, accepting, as such, goods to be delivered at a distant point, was bound to deliver them at that point, at all events, unless prevented by the act of God or the public enemy, and that though the carrier might, by express contract with the shipper, limit this liability, he could not do it by entering such limitation on or in his receipt for the goods. It was the’logical result of these decisions that Shea had no right of action against the Southern Express Company as a common carrier under the facts as they appeared in the record. The contract to carry was made by the Adams Express Company, and no right of action on that contract existed in Shea vs. The Southern Express Company. The action in Shea’s case, as in this, was, it is true, an action on the case. That is, it was an action for negligence in the performance of a duty which it was charged *it had undertaken. But however the action sounded, it had its foundation in, and was dependent for its support upon either an express or implied contract to perform the duty alleged to have been neglected. Indeed every action against a common carrier, as such, for negligence, must of necessity be based upon either an express or implied contract for diligence.
The declaration in Shea’s case and in this, is against the Southern Express Company as a common carrier; it alleges that the defendant undertook to carry, etc., that it neglected the duty it took upon itself, by means of which' the plaintiff was injured. And this is so in all actions of this character. Actions against tradesmen, doctors, innkeepers for negligence, are all based on *72 contract, either express or implied, and though they are called actions on the case, they require for their support, proof of such a state of facts, as shows either an express or implied undertaking, contract, by the defendant, to be skillful and diligent. An action against a common carrier, as such, for negligence, must fail if the proof show* a want of this fundamental undertaking or contract. The very bringing of the action presupposes that the carrier has the goods properly under a contract to perform a specified duty towards them, and the ground of the action is that by neglecting such duty he has damaged the plaintiff. The tort, which is the cause of action, is not that he took the goods wrongfully, but that having them under contract, to be diligent in carrying them, he has neglected that duty. To sustain the action in Shea’s case, and in this, to-wit: an action for negligence, it was necessary to show either an express or implied contract of the Express Company with the shipper to be diligent. The contract shown in both cases, was not with the Southern Express Company at all, but with the Adams. And the majority of the Court in the Shea case, held that for this reason the plaintiff could not recover. The present Chief Justice in that-case, said that the defendant was not sued as a tort feasor. What he meant, as the whole context shows, was, that he was not sued .for a wrongful taking. The action there as well as *here, was case, for negligence, which, as we have shown, necessarily assumes that the defendant was in possession lawfully, under a contract to be diligent. Had the action been in trover or trespass for wrongful taking, and the proof had shown that the Southern Express Company, without authority took or got into possession of plaintiff’s goods, it could' have made no reply, but the production of the goods or payment of the damages. Even the act of God would have been no excuse.
But in the Shea case and in this, the very foundation of the action — the allegations in the declaration — are that the defendant got the goods under a contract, and the complaint is, that having undertaken a duty with regard to them, it has neglected it and thereby damaged the plaintiff. The majority of the Court in the Shea case held, that as the action was for the neglect of the Southern Express Company to perform as it had undertaken, to-wit: with the care and diligence of a common carrier, and as there was no proof of any contract, either express or implied, by the Southern Express Company, the plaintiff must fail, and that Judge Cole’s charge as to the liabilities of a tort feasor was improper under the allegatipns. As to myself, whilst I felt bound by the decisions in Purcell’s case, and the other common carrier cases, in 36 and 37 Georgia, I was of the opinion that Shea had a right, if he pleased, to adopt the contract made by the Southern Express Company with the Adams. Such a contract had undoubtedly been made, and the goods had been received by the Southern Express Company under it. It was my opinion that the owner of the goods had the right to adopt this contract — to *73 ratify the act of his assumed agent, even though, at the date of the contract, he had given no such authority. The Adams Express Company had assumed to act as the agent of the owner, and as such, the Southern Express had contracted with the owner, through the Adams, to carry. True, the agent had no such authority. But the authorities are nhmerous that if one profess to act as my agent, and contract as such with a third person, I may, if I please, ratify the contract and sue upon it in my own name: See the cases quoted in 38 *Georgia, 530. But if I do so I must ratify the contract as it is. It is contended that the contract made by the Adams with the Southern does not except river risks, and that I was mistaken in supposing the adoption of it would have done Shea no good. I am free to say that I, at that time, did not carefully examine the contract between the companies. It was admitted in the argument, by both sides, that, under it, the Southern was not liable for river risks, and I did not examine it closely for that reason. But I have now done so, and that, too, after the very elaborate and ingenious argument of Judge Benning as to its meaning. I still think it is an express contract, exempting the Southern Company from river risks. It is signed by both parties, and in it there is an express stipulation that the Southern shall only be bound according to the terms of the receipts then in use. On looking at those receipts, it appears that river risks are excepted. True, this Court has held that, as against shippers who do not sign the receipts, these limitations of the liability of the carrier are void. But if we are to treat the Adams Express as the agent of Shea, it follows that, as the Adams did sign as well as the Southern, that Shea, the owner, the ratifier, the principal, signed by his agent, and there is a contract. The agent knows what is in the receipt; he agrees to be bound by its terms. He stands as did Matthews, in the case of Wallace vs. Matthews, 39 Georgia, 617. The count in trover was stricken out, and we say nothing about that. We are not, at present, prepared to say whether the statute would bar it of not. Perhaps, as this action, as it stands, is an action on the case, sounding in tort, and as a count in trover might have been joined, the writ may be amendable by adding such a count, even after four years, or after 1st January, 1870. But we express no opinion, as the point is not made, and there has been no argument on it.
Judgment reversed.