## IVEY *et al. vs.* HAMMOCK.

1. The judgment of the justice in awarding possession of the property in controversy in this case was not without foundation in evidence.
2. While generally partners are mutually entitled to possession of firm property, yet where by the terms of the partnership one partner is entitled to the exclusive possession and control of certain personalty in order to carry out the objects of the firm, the other cannot interfere with such possession, and for a violent or fraudulent taking of such property possessory warrant will lie.
(*a.*) A tenant may recover personalty violently or fraudulently taken from his lawful possession by his landlord, though the title may be in the latter.

Possessory Warrants. Partnership. Before Judge WILLIS. Marion Superior Court. October Term, 1881.

Hammock sued out a possessory warrant before a justice of the peace, against E. J. & J. J. Ivey, for the recovery of a steam saw-mill, which had been in the legal and peaceable possession of the plaintiff. On the trial before the justice, plaintiff testified substantially as follows : He had been recently in the quiet and peaceable possession of a certain steam saw-mill and fixtures belonging to said saw-mill; he was in possession of said property under a rent contract from defendants, for the year 1881, and by the terms of the contract he was to bear all the expenses, and to pay defendants one-fourth of the proceeds ; they had agreed to put certain repairs upon the mill, but had failed to keep their contract ; he, therefore, had refused to pay the rent. On the morning of the day on which the mill was moved, defendants came to him and told him that if he did not give up the mill they would have an officer there to take it, at the same time acting as though they awaited the arrival of the officer ; he went to Cusseta to consult a lawyer, and while he was gone defendants moved the mill from Chattahoochee county into Marion county.

The defendants testified, in brief, as follows: They never rented the property to plaintiff, but simply employed him to run and superintend the mill; they allowed him three-fourths of the proceeds, because it took one-half to pay the expenses, and by the terms of the contract they were to furnish the mill and fixtures and plaintiff was to keep the same in good order, pay the hands and feed the stock; they did not consider that under their contract they had parted with the possession of the property, and did not so intend; the mill was a portable one, and either plaintiff or themselves could contract to saw lumber; they did not look to plaintiff for their rent, but directly to the parties for whom they sawed; plaintiff had applied to them to ratify a contract he had made to saw lumber for one Cook, and they had refused to do so, or to allow plaintiff to remove the mill to Cook's place; they had complied with their contract.

The court awarded the possession of the property to plaintiff. The defendants carried the cause to the superior court by *certiorari,* assigning the following grounds of error:

(1.) Because the contract shows that all of the parties were entitled to the joint possession of the property.

(2.) Because the legal construction of the contract made the parties partners.

(3.) Because the judgment is contrary to the evidence and the weight of the evidence.

The superior court affirmed the decision of the court below, and the defendants excepted.

BLANDFORD & GARRARD; W. B. BUTT, for plaintiffs in error.

E. M. BUTT; E. W. MILLER, for defendant.

JACKSON, Chief Justice.

This case arises on a possessory warrant brought by the defendant in error against the plaintiffs in error to recover

possession of a steam saw-mill, which the latter took from the former fraudulently and without lawful warrant and authority. The justice of the peace remanded the mill to the possession of the defendant in error, and on *certiorari* the superior court affirmed the judgment, and the plaintiffs in error excepted.

1. The mill was in the peaceable and legally acquired possession of the defendant in error, when in his absence to procure counsel, on the false representation to him that an officer of the law would soon be present to dispossess him, and on looking up the road for the officer every moment, he was induced to leave, and the plaintiffs in error took it out of his possession, and out of the county of Chattahoochee into the county of Marion, in his absence produced by these fraudulent representations and acts by plaintiffs in error.

This is his side of the case, and it is found by the magistrate and the court below to be the truth. There being evidence enough to support it, this court does not interfere unless the law be violated in some material point. 56 *Ga.*, 525.

The issue is not the right of property or of possession, but in whose lawfully acquired, quiet and peaceable possession it last was. Code, §4035; 22 *Ga.*, 319; 30 *Ib.*, 209; 63 *Ib.*, 745. There seems to be no doubt that the property was last in the quiet and lawful possession of the defendant in error.

2. But it is insisted in argument here that both sides are or were in possession, as the facts make a partnership, and in such a case this writ will not lie. The reply is, first, that according to the case made by the defendant in error, he rented the mill, etc., and he was a tenant and not a partner; and, secondly, that if a partner, on the terms of the partnership, he must have the possession, and the exclusive possession, in order to carry out the partnership contract, as set up by the evidence of the plaintiffs in error themselves. For he had the entire management, the duty to

repair, to run the mill, to do all the work, and when they took it away from him the effect was to put it out of his power to contribute his share to the partnership common stock—his work, skill, labor and supervision being set off against the material, mill, etc., furnished by the other side. Therefore, though it may be that ordinarily one partner cannot dispossess another, under the facts here, he may.; or the very terms of the contract of partnership necessarily devolve possession upon him, and fix it in him. If he has violated those terms in other respects, their remedy is not by wresting the possession of the property from him by force or fraud, but by recourse to regular suit, as prescribed by law.

There was no error, therefore, in remanding the property to the possession of defendant in error on his giving bond as fixed by law, and this was required by the order of the magistrate, and the affirmance of the court below.

Judgment affirmed.