# WHEELING.

## LANE v. BLACK.

Submitted August 4, 1882—Decided April 28, 1883.

(*WOODS, JUDGE, Absent.)

1. Demurrer to a declaration, on the ground that it does not directly charge, that the plaintiff suffered damage, when such charge is made substantially and not by inference, is properly overruled. (p. 621.)

2. Where an agent buys a claim for his principal, and in order to induce the seller to part with it makes false and fraudulent misrepresentations in reference thereto, and the principal accepts the purchase and takes the benefit thereof, he cannot while claiming the benefit of the purchase and retaining the claim repudiate said representations of his agent, on the ground that they were not authorized by him and were not within the scope of his authority. (p. 626.)

---

*Case submitted before Judge W. took his seat on the bench.

3. Where an attorney or agent undertakes the collection of a claim for his client or principal and, while such relation exists, buys the claim from his principal, whether false representations were made or not to induce the principal to sell his claim, or even if the claim was sold for an adequate price, the sale is voidable at the option of the principal. (p. 623.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jefferson, rendered on the 17th day of June, 1881, in an action at law in said court then pending, wherein John G. Lane was plaintiff, and G. W. Z. Black was defendant, allowed upon the petition of said Black.

Hon. C. J. Faulkner, jr., judge of the thirteenth judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*Daniel B. Lucas* for plaintiff in error cited the following authorities:   2 Rob. Pr. 620, 621, 628; 18 E. L. & Eq. 522; 1 Chit. Plead. 320; Rev. St. U. S. § 3477; 6 E. L. & Eq. 562; 15 W. Va. 867; 9 Gratt. 485; 11 Gratt. 697; Sedg. Dam. (2d. Ed.) 705, 706.

*White & Trapnell* for defendant in error cited the following authorities:   Story Ag. §§ 134, 135, 137 n. 3, 140; 2 Add. Torts § 1197; *Id.* § 1209; 7 Gratt. 368; 12 Wall. 470; 2 Pet. 364; Story Ag. §§ 244, 250; 2 Gratt. 237; Pal. Ag. 324, 325; 2 Add. Torts § 1310; Story Ag. § 200; 2 Kent's Com. 653; 1 Add. Torts § 570; 2 Add. Torts § 1184; 1 Sm. Lead. Cas. 321 (Am. Note); 18 Pick. 95; 32 Gratt. 293; 2 Add. Torts 1175, 1208; 2 Kent's Com. 653; Sedg. Dam. s. p. 556; 32 Gratt. 293; Sedg. Dam. s. p. 557; 2 Add. Torts § 1226; 5 Mason 1; 2 Rob. Pr. 618; 1 Chit. Plead. 375, 376, 377; *Id.* 384; 2 Rob. Pr. 618, 619; Sedg. Dam. s. p. 574.

*Baylor & Wilson* for defendant in error cited the following authorities:   2 Gratt. 237; 7 Gratt. 368; 2 Greenl. Ev. § 66; 6 M. & G. 242; 6 Otto 640; Story Agen. §§ 139, 451; 13 N. H. 145; 11 W. Va. 108; 17 Gratt. 303; 14 Gratt. 338; Chit. Contr. 227 and note; 8 Carr. & P. 316; 1 Hill 317; 5 Hill 137; 14 Mich. 208.

JOHNSON, PRESIDENT, announced the opinion of the Court:

This is an action on the case brought by John G. Lane, in February, 1878, in the circuit court of Jefferson county against G. W. Z. Black, laying his damages at one thousand dollars. The first count in the declaration, after stating the formal part, is as follows: "For that, whereas, before and at the time of committing the grievances by the defendant as hereinafter next mentioned, the plaintiff was the holder and owner of a claim or demand against the United States for a large amount, to-wit, twenty-seven thousand one hundred pounds of beef theretofore sold and delivered by the plaintiff to the said United States; that the said defendant before and at the time of the committing of the said grievances was doing business as an agent and attorney for the collection of claims against the said government, and as such agent or attorney said defendant had theretofore, to-wit, on the — day of ——— 187– undertaken in consideration of certain fees, commissions and reward, the prosecution and collection of plaintiff's said claim; and the said defendant, to-wit, on the —— day of December, 1874, wrongfully and injuriously contriving and intending to deceive, defraud, and injure the plaintiff in this behalf, and to induce the plaintiff to sell the defendant his said claim or demand for greatly less than its value, falsely and deceitfully, pretended to said plaintiff, that said claim or demand was of much less value than it really was, to-wit, that the sum of three hundred and thirty dollars was a very good price therefor, and 'as much or nearly so as plaintiff would realize if the claim was settled and paid.' And then and there by means of false pretenses and misrepresentations as aforesaid, prevailed upon the plaintiff to sell and assign his said claim or demand to the said defendant for the sum of four hundred dollars; when in truth and in fact, before and at the time of the making of said false and fraudulent misrepresentations, said claim or demand as the defendant well knew had been fully proven, passed upon and allowed as good by the proper authorities of the said United States for a large amount, to-wit, for the sum of one thousand two hundred and thirty-four dollars and forty cents."

The second count sets out more fully the fiduciary relation existing with reference to the said claim, and the advantages

taken thereof by false and fraudulent representations to induce plaintiff to sell and assign said claim to defendant. The third count omits the fiduciary relation, but charges the false and fraudulent misrepresentations to induce the plaintiff to sell and assign his claim to defendant at much less than its value.

At the April term 1879, the defendant demurred to the declaration and each count thereof, which demurrer was overruled, and the defendant pleaded not guilty. The case was tried by a jury, and on the 2d of June, 1881, the jury rendered a verdict for the plaintiff, and assessed his damages at seven hundred and nine dollars and thirty-three cents. The defendant moved for a new trial, which motion the court overruled and entered judgment upon the verdict. The defendant during the trial took four several bills of exceptions to the ruling of the court in giving, refusing and modifying instructions. To the judgment the defendant obtained a writ of error.

The first error assigned is, the overruling of the demurrer to the declaration. It is urged, that each count of the declation is fatally defective because it is claimed that the declaration does directly allege, that the price of four hundred dollars, for which the plaintiff sold his claim was an adequate price, and therefore there is no charge, that damage was sustained. As to the first two counts this was unnecessary as the plaintiff had a perfect right, in view of the fiduciary relation, that existed between plaintiff and defendant, to repudiate the sale without reference to the question of the adequacy of the price received. *Newcomb* v. *Brooks*, 16 W. Va. 32. But it seems to us, that it is clearly charged in all the counts, that he suffered damage. In the first count, and the others are similar, it is charged, that in order "to induce the plaintiff to sell the defendant his claim or demand at greatly less than its value defendant falsely represented said claim as of very much less value than it really was. *   *
And then and there by means of such false pretenses and misrepresentations as aforesaid, prevailed upon the plaintiff to sell and assign his claim or demand to the said defendant for the sum of four hundred dollars, when in truth and in fact, before and at the time of the making of said false pre-

tenses and fraudulent misrepresentations, said claim or de-
mand as the plaintiff well knew had been fully proven,
passed upon and allowed as good by the proper authorities
of said United States for a large amount, to-wit, for the sum
of one thousand two hundred and thirty-four dollars and
forty cents," and alleges that his damages are one thousand
dollars.    The demurrer to the declaration was properly over-
ruled.

The third bill of exceptions first sets out the receipt of the
plaintiff for the beef sold to the United States, signed by an
officer thereof and dated the 5th day of August, 1862, which
voucher closes as follows :   "And the same will be paid for
after the close of the present war upon proof, that the said
John G. Lane is and has remained a loyal citizen of the
United States during the war."    Then follows certificates
from the treasury department of the United States as to said
claim, among which is this :   "Treasury Department, Third
Auditor's Office, December 1, 1874.   I certify there is due
from the United States to John G. Lane for fourteen thou-
sand nine hundred and five pounds net of beef at nine and
eleven-one-hundredths cents per pound, August 5, 1862,
one thousand two hundred and ninety-four dollars and forty-
two cents," which first receipt the bill of exceptions certifies
is the same receipt or voucher called the plaintiff's claim in
the instruction, to which the exception is taken, and the
evidence tended to support the hypothesis of the said instruc-
tion, whereupon the court at the instance of the plaintiff in-
structed the jury, that "if the plaintiff was induced to sell his
claim against the United States government to the defendant
by positive false representations of a material fact or facts,
by the defendant or his agent, or the concealment of material
facts, which it was the duty of the defendant or his agent to
communicate to him, then neither the question of the plain-
tiff's loyalty to the United States government nor his owner-
ship of the cattle, for which the receipt or voucher was given
can be considered by the jury in determining the issue in this
case."    To the giving of which instruction the defendant
excepted.    The instruction is clearly right.   If the claim had
been actually allowed to the plaintiff, John G. Lane, by the
government of the United States then under the issue in this

case it could not be material, whether Lane really owned the cattle he sold to the government, or whether he was or was not loyal to the government of the United States during the war.

From the fourth bill of exceptions it appears, that there was evidence tending to show, that the defendant was the attorney for the plaintiff as set out in the declaration, and that on the 3d day of December, 1874, he purchased the plaintiff's claim as set out in the declaration for four hundred dollars without recourse, and that on the 23d day of March, 1875, the defendant received on said claim the sum of one thousand three hundred and thirty-four dollars and forty cents. The evidence further tended to show, that had the plaintiff not parted with his claim he would have received the said sum of one thousand three hundred and thirty-four dollars and forty cents less twenty-five per cent. for collection, and the evidence also tended to show, that the said sum of four hundred dollars was at the time of said purchase, the fair salable or marketable value of said claim; but that plaintiff would not have sold it to defendant but for the false inducements held out to plaintiff by defendant or his agent, as hypothetically stated in the instruction of the court, to which this exception is taken. Thereupon the defendant asked the court to instruct the jury as follows: "The court instructs the jury, that should they find from the evidence that the defendant or his agent fraudulently made false representations to the plaintiff, whereby the latter on the 3d day of December, 1874, was induced to part with his claim at less than its value, then the measure of the plaintiff's damages is the difference between the actual price he received for said claim and its real value at that time, less the *per centum* stipulated to be paid the defendant for collecting with interest from said date. But should they find, that the price actually received by the plaintiff was not less than the true value of the claim at that date, as shown by the evidence, then they will find for the defendant." The court declined to give the instruction as asked, and in lieu thereof instructed the jury: "If they find from the evidence, that the defendant or his agent fraudulently made false representations to the plaintiff, whereby the latter on the 3d day of December, 1874, was

induced to part with his claim at less than its value, then the measure of the plaintiff's damages is the difference between the actual price he received for said claim and its real value at that time, less the *per centum* stipulated to be paid for collecting with interest from said date; and that if the jury believe from the evidence, that the price actually received by the plaintiff for his claim sold to the defendant on the 3d day of December, 1874, was not less than the salable or marketable value of said claim at that date, they must find for the defendant, unless the jury believe from the evidence, that the plaintiff was induced to sell his claim to the defendant by positive false representations of material facts made by the defendant or his agent, or by concealment of material facts, which it was the duty of the defendant or his agent to communicate to the plaintiff, and further find, that the plaintiff would have received a larger sum on said claim when collected had he not been induced by false representations and concealments to dispose of said claim, in which event they must find for the plaintiff." To the refusal to give the instruction as asked, and to the giving of those given in lieu thereof the defendant excepted.

This Court held in *Newcomb* v. *Brooks,* 16 W. Va. 32, that a person who occupies any fiduciary relation to another is bound not to exercise for his own benefit and to the prejudice of the party to whom he stands in such relation, any of the powers or rights or any knowledge or advantage of any description, which he derives from such confidential relation. And further, that a purchase by a fiduciary while actually holding such relation in reference to the trust-property, either of himself or of the party to whom he holds such fiduciary relation, is voidable at the option of the party to whom he stands in such relation, although the fiduciary may have given an adequate price for the property and gained no advantage whatever.

As the bill of exceptions shows, that there was evidence tending to prove the facts set out in the first and second counts of the declaration, that the defendant was the agent and attorney of the plaintiff for the collection of his claim against the United States, and that while standing in such relation after the claim had been allowed by the authori-

ties of the United States for over one thousand three hundred dollars, he bought the claim of his principal or client for the sum ot four hundred dollars, and a short time thereafter actually received on the claim the sum allowed by the proper authority, amounting to one thousand three hundred and thirty-four dollars and forty cents. The plaintiff chose to repudiate the sale, which he had a perfect legal right to do, and the court under the circumstances should have instructed the jury, that the measure of the plaintiff's damages was the difference between four hundred dollars, the price received by the plaintiff for the claim, and one thousand three hundred and thirty-four dollars and forty cents the price received by the defendant therefor, with interest from the date he received it less the price stipulated to be paid for collecting the same. The instructions referred to and made part of the bill of exceptions are all improper, but not prejudicial to the defendant; they were much more favorable to him, than they should have been. Under the facts disclosed in the bill of exceptions, it was entirely immaterial what representations were made by the detendant or his agent to the plaintiff to induce him to part with his claim. The fiduciary relation of attorney to client or agent to principal existed at the time the sale was made, and the sale was voidable at the option of the plaintiff.

The second bill of exceptions is to the giving of the following instruction: "If the jury believe from the evidence, that if the defendant in treating for the purchase of the claim, or his agent at the time of the purchase thereof, made a positive false representation as to any material part constituting an inducement to the sale, or by the concealment of any such fact, in which plaintiff was misled and suffered damage, and in which plaintiff is presumed to have trusted to them or to either of them, and not to have relied on his own judgment, then the purchase of said claim was fraudulently obtained, and the jury must find for the plaintiff."

None of the facts tending to prove what was the relation of the parties to each other are set out in the bill of exceptions, and it is impossible for the Court to say whether the instruction was relevant or not, but as a proposition of law the instruction seems to us to be correct.

*Crump* v. *U. S. Mining Co.*, 7 Gratt. 368; *Grim* v. *Byrd*, 32 Gratt. 293.

Bill of exceptions No. 1 sets out none of the evidence tending to prove a state of facts showing the relevancy of the instruction, although the court in general terms certifies as in bill of exceptions No. 2, that such evidence was given, and the defendant asked the court to give the two following instructions: 4. "The court instructs the jury, that if they find that the only misrepresentations made, if any were made by Samuel Black, and if they further believe, that such misrepresentations were innocently made without any fraudulent intent, and were not authorized by the defendant, who had no knowledge that they were made, or charged to be made before the institution of this suit, then they will find for the defendant, unless they further find, that when said representations were made by Samuel Black he was the agent of the defendant, and was acting within the scope of his employment or authority." 5. "The jury must find, that the agent of the defendant acted within the range of his employment before the principal can be bound by any false representations of such agent." The court refused the instructions, and in lieu thereof gave the following: "The court instructs the jury, that if they believe from the evidence, that Samuel Black was the agent of the defendant in the purchase of the claim of the plaintiff, without he made positive false representations of material facts or concealed facts, which it was his duty to communicate to the plaintiff, and that such representations or concealments of such facts were made or withheld by the agent at the time of the purchase of said claim, or if they believe from the evidence, that the agent in making such representations or concealments acted beyond the scope of his authority, yet if they further believe from the evidence, that the defendant ratified the purchase of the plaintiff's claim made by the said agent by accepting and receiving the benefit of such purchase, then in either case all representations and acts of the said agent occurring at the time of the purchase and with reference thereto are binding on the principal." To which refusal and to the giving of these instructions in lieu thereof, the defendant excepted.

There is nothing in this bill of exceptions to show, that

the modification of the instruction was wrong. We cannot look to any of the other bills of exceptions to aid us in this, neither the evidence nor the facts being certified. If it was a fact, and we must assume that it was, that the evidence tended to show, that the plaintiff accepted the fruits of the purchase by Samuel Black, his agent, then the representations which such agent made are also binding upon him.

It has been held, that a debtor cannot have the benefit of a compromise and release effected by his agent with his creditors, without adopting all the representations made by the agent to the creditors in negotiating the same. *Crans* v. *Hunter*, 28 N. Y. 389; *Southern Express Co.* v. *Palmer*, 48 Ga. 85; *Menkens* v. *Watson*, 27 Mo. 163; *Krider* v. *Trustees Western College*, 31 Ia. 547. And further, that the principal cannot ratify the act of the agent in part and repudiate it in part; he must repudiate the whole or he will be bound by the acts of the agent in his behalf. *Fort* v. *Coker*, 11 Heisk. 579. We find no error in the record of the judgment to the prejudice of the defendant, and it must be affirmed with costs and damages according to law.

JUDGES GREEN AND SNYDER CONCURRED.

JUDGMENT AFFIRMED.