### 6522.   OAKS *v.* SINGER SEWING MACHINE CO.

BROYLES, J. 1. In a possessory-warrant proceeding there is no question as to the title or as to the right of possession of the property in controversy; the sole question is as to the manner in which the possession was acquired by the defendant. Civil Code, §§ 5374, 5371; *Mills* v. *Glover,* 22 *Ga.* 319; *Trotti* v. *Wyly,* 77 *Ga.* 684.

2. The Singer Sewing Machine Company sued out a possessory warrant

against Oaks, to recover a described sewing-machine. The contract was between the plaintiff company and one Carver; and though this contract is called, throughout, a "rent contract," or a "lease," and all the payments to be made are designated as "rent," it is really, under the repeated rulings of the Supreme Court and of this court, not a lease, but a contract of conditional sale with the title reserved in the vendor. *Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475, 478 (58 S. E. 897), and cases therein cited. This being true, and the contract not having been recorded as required by law, the defendant, a third person who was in possession of the machine when the possessory warrant was sworn out, and who, in good faith and without any notice of this conditional-sale contract, purchased the machine, acquired its possession in a quiet, peaceable, and lawful manner, and the justice of the peace erred in awarding the property to the plaintiff.

3. The judge of the superior court erred in refusing to sanction the petition for certiorari.                              *Judgment reversed.*

DECIDED JANUARY 21, 1916.

Petition for certiorari; from Tift superior court—Judge Thomas. March 13, 1915.

*J. H. Price,* for plaintiff in error.