## 18835.   HOGAN v. O'DELL.

DECIDED DECEMBER 13, 1928.

44

*Boyd Sloan,* for plaintiff in error. *Jones & Reid,* contra.

STEPHENS, J. (After stating the foregoing facts.) The defendant against whom the possessory warrant issued relies upon numerous decisions of this court and of the Supreme Court which follow *Trotti* v. *Wyly,* 77 *Ga.* 684, wherein it was held that "unless it clearly appears that the defendant acquired the possession in one of the modes inhibited by the act of the legislature, there is nothing for the proceeding [by a possessory warrant] to rest on." See *Welborn* v. *Shirly,* 65 *Ga.* 695; *Ivey* v. *Hammock,* 68 *Ga.* 428; *Owens* v. *Outlaw,* 105 *Ga.* 477 (30 S. E. 427); *Allen* v. *Printup,* 118 *Ga.* 630 (45 S. E. 911); *Susong* v. *McKenna,* 121 *Ga.* 97 (48 S. E. 695); *Brown* v. *Todd,* 124 *Ga.* 939 (53 S. E. 678); *Oaks* v. *Singer Sewing Machine Co.,* 17 *Ga. App.* 517 (87 S. E. 719). He contends that his possession of the property, which was acquired bona fide by him as a purchaser from a person other than the plaintiff and without notice of its having been stolen, was not an acquirement of the property in one of the modes stated in section 5371 of the Civil Code of 1910 as grounds for the recovery of personal property by possessory warrant. This section provides that personal property which has disappeared from the "quiet, peaceable, and legally acquired possession" of a person, without his consent, may by him, if he in good faith claims title to, or interest in, or the possession thereof, be recovered by possessory warrant from a person holding possession of it "under some pretended claim and without lawful warrant or authority."

A thief, or one who illegally acquires property with no right thereto, acquires no title to or right of possession in the property, and therefore can not convey anything. Therefore, one who pur-

chases property from the thief, or from one whose right and title is derived solely from the thief, although the purchaser acquires the property bona fide and without knowledge of its having been stolen, acquires no right, title, or interest whatsoever in the property as against the person from whom it was stolen and who was legally entitled to its possession. In *Felton* v. *Underwood*, 9 *Ga. App.* 369 (71 S. E. 498), it was held that "the owner of personal property which has been stolen from his possession may by a possessory warrant recover it from one to whom the thief has recently delivered or sold it." It appears from the record of this case, of file in this court, that the property the possession of which was sought had been stolen from the plaintiff and had been bought by the defendant from the thief, and it does not appear that the defendant when buying the property had knowledge that the property was stolen. Presumably, therefore, the defendant acquired possession of the property in good faith and without knowledge of its being stolen property.

The possession of the automobile by the defendant, irrespective of the bona fides of the defendant's claim to the possession of the property, was "without lawful warrant or authority," and the plaintiff, from whose "quiet, peaceable, and legally acquired possession" it had recently disappeared, and who was the owner and entitled to the possession, was entitled to recover its possession by possessory warrant.

The evidence demanded a finding for the plaintiff, and the verdict found by the magistrate, awarding the property to the defendant, was therefore without evidence to support it and contrary to law. The judge of the superior court properly sustained the certiorari brought by the plaintiff.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*