## KING v. CONTINENTAL CASUALTY CO.
### No. 4599.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1940.

Ralph T. Catterall and Guy B. Hazelgrove, both of Richmond, Va. (Williams, Mullen, Williams & Hazelgrove, of Richmond, Va., on the brief), for appellant.

Robert G. Butcher and E. P. Simpkins, Jr., both of Richmond, Va. (Aubrey N. Heflin, of Richmond, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and BARKSDALE, District Judge.

PARKER, Circuit Judge.

This is an appeal from a judgment for defendant on an accident insurance policy issued on the life of one James W. King, who was accidentally killed June 12, 1939. Verdict for defendant was directed at the conclusion of the testimony on the ground that the policy had lapsed; and whether this action was correct or not, is the principal question for our consideration.

The policy in suit was issued May 24, 1927, for a period of one year and was renewed by payment of annual premiums so that it was admittedly kept in force until May 24, 1938. It contained the following provisions, which are the ones pertinent here:

"This policy takes effect at twelve o'clock, noon, standard time at residence of insured, of the date hereof and expires one year therefrom at the same time. With the consent of the company it may be renewed for like successive terms of one year each.

\*    \*    \*    \*    \*    \*

"2. \* \* \* No agent has authority to change this policy or to waive any of its provisions. \* \* \*

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall reinstate the policy but only to cover loss resulting from accidental injury thereafter sustained.

\*    \*    \*    \*    \*    \*

"20. \* \* \* Any premium paid to the company for any period not covered by this policy shall be returned upon request."

On April 20, 1938, the insured, with a view of dropping the policy, applied for a policy in another company, stating in his application that the policy applied for would take the place of defendant's policy. Thereafter, on May 9th, defendant's agent saw insured and represented that it would be advantageous to him to continue to carry defendant's policy; and the agent testifies that insured told him to keep the policy in force. Plaintiff contends that the agent's testimony as to this is contradicted by testimony of insured's statements in evidence, to the effect that he intended to drop the policy and also by testimony of statements in June or July, offered but excluded, to the effect that he had already dropped it and did not intend to pay the premiums. It is uncontradicted, however, that in the agent's report to the company for the month of May, 1938, he listed his liability for the annual premium on the policy as upon a renewal thereof, and that he paid the premium to the company on July 24, 1938. It is also uncontradicted that in August the agent notified the insured that he had paid the premium for him and that insured promised to reimburse the agent, notifying him at the time not to renew the policy upon its expiration, and that insured later paid the premium to him in January, 1939.

The contention of plaintiff is that the policy lapsed on May 24, 1938, and was reinstated for a term of one year as a result of the payment of the premium by the agent on July 24, 1938; that this payment extended the term of the insurance to July 24, 1939; and that the policy was, therefore, in force at the time of insured's death. The contention of defendant is that the policy was renewed by the agent as of May 24, 1938; that the agent's action in renewing it was ratified by insured; that, even if there was lapse and reinstatement, the reinstatement was for the term ending May 24, 1939; and that, in either aspect of the case, the policy had lapsed before the death of insured on June 12th.

We think that the contention of defendant that the policy was renewed by the agent for the term ending May 24, 1939, is correct, and that verdict was properly directed in its behalf. The agent, even though he may not have been authorized by the insured to do so, unquestionably renewed the policy of insurance for him, instead of permitting it to expire on May 24, 1938; and the insured, when he learned of this action, unquestionably ratified

what had been done by accepting the credit which had been extended for the premium and subsequently paying it. In this connection, it is significant that plaintiff very properly relies upon the payment of the renewal premium made by the agent on July 24, 1938, as the act giving validity to the policy, and not on his payment to the agent in January, 1939. Insured could not adopt the agent's payment of premium in his behalf without adopting also the contract of renewal under which it was paid and under which the policy would expire May 24, 1939. It is elementary that "a contract or other single transaction must be affirmed in its entirety in order to effect its ratification". A. L. I. Restatement of Agency, vol. 1, sec. 96, and Comment A. "The principal must ratify the whole act or disaffirm the whole. He cannot ratify as to a part and disaffirm as to the rest. A man cannot take the benefits of a contract without bearing its burdens". Huffcut on Agency, 2d ed. 50; 21 R.C.L. 923; Lane v. Black, 21 W.Va. 617; Third Nat. Bank v. Laboringman's Mercantile & Mfg. Co. 56 W.Va. 446, 49 S.E. 544; Stuyvesant Ins. Co. v. Barkett, 226 Ky. 424, 11 S.W.2d 87.

■ It is well settled that, where a premium is charged to an agent personally by a company and the agent credits the insured, this is equivalent to payment of premium by the insured for the purpose of keeping the policy in force. Wytheville Ins. & Banking Co. v. Teiger, 90 Va. 277, 18 S.E. 195; Scholz v. Standard Accident and Insurance Co., 145 Va. 694, 134 S.E. 728. This is precisely what occurred here. The fact that the agent was not required to remit the renewal premium for sixty days and that in the meantime he could have notified the company that it had not been paid and thereupon have been relieved of liability therefor, is entirely immaterial. He did not do this, but chose instead to acknowledge liability for it and to pay it to the company at the end of the sixty-day period. This fixed the rights of insured under the contract, and there can be no doubt but that the company would have been liable if he had sustained an injury covered by the policy. When, by paying the premium, he adopted the action of the agent in renewing the policy, any possible question as to there being a renewal thereof was eliminated.

In this view of the case, it is unnecessary to consider interesting questions, which would arise upon lapse and reinstatement, as to whether reinstatement would be for the regular term expiring May 24, 1939, or for a new term beginning at the time of reinstatement. Cf. Scholz v. Standard Accident Ins. Co., supra. Nor need we consider the question as to the admissibility of the evidence offered by plaintiff to show that in June, 1938, insured was of opinion that the policy had lapsed, since his subsequent ratification of the act of the agent in renewing the policy renders this evidence entirely immaterial.

The judgment appealed from will be affirmed.

Affirmed.