### RAILWAY EXPRESS AGENCY v. AIKEN.

#### Civ. A. No. 4280.

United States District Court
N. D. Georgia, Atlanta Division.
July 22, 1952.

Alston, Foster, Sibley & Miller, Daniel B. Hodgson, Atlanta, Ga., for plaintiff.

Joe Hill Smith and William H. Powell, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

### Statement of the Case and Findings of Fact.

Railway Express Agency, Inc., hereinafter termed the plaintiff, brought this action for interpleader against Mrs. Kimball, Asberry (Asher) Neal, and Mrs. Margie Aiken, trading as Aiken Furniture and Appliance Company, the last named defendant hereinafter being referred to as the defendant.

The case was tried before the court upon written stipulations of fact between the plaintiff and the defendant, these being the only two parties now involved in the case by virtue of the fact that defendants Neal and Mrs. Kimball did not file any response in this case within the time permitted by the court and by order of the court the case is in default as to those defendants.

As to the Express Agency and Mrs. Aiken, the following essential facts are stipulated:

The property involved in this litigation is a certain television set which was sold by Mrs. Aiken to defendant Neal under a conditional sales contract made pursuant to the laws of Georgia. The purchaser, Mr. Neal, made a payment of $49 and the balance of the purchase price, $524.16 under the terms of the instrument was to be paid in monthly installments.

A short time after making this purchase defendant Neal delivered the television set to plaintiff for transportation to the said Mrs. Kimball at a given address in Detroit, it subsequently appearing that this address was in error, causing some delay in its delivery and eventually as hereinafter pointed out, preventing delivery altogether. It appearing that there is some confusion in the records of the plaintiff regarding prepayment of transportation charges, the plaintiff is waiving all transportation charges from Atlanta to Detroit, but plaintiff is contending for demurrage charges at the rate of $8.10 for the first month and $7.50 for each succeeding month, beginning on March 12, 1951.

Plaintiff also claims transportation charges of the property from Detroit to Atlanta, but counsel for plaintiff now concedes plaintiff would not have the right to claim transportation charges from Detroit to Atlanta, but that the remedy of plaintiff would be to enforce its lien against the property in Detroit.

Mrs. Aiken, the seller of the property, made demand upon plaintiff for delivery of this property to her, this demand being refused by the Railway Express Agency because of its claim against the property for demurrage charges as above referred to.

This case therefore resolves itself into the single question of law, and that is whether the lien against the property in favor of Mrs. Aiken for balance of purchase price of said property has been lost by her, and therefore is inferior to the lien of the Railway Express Agency for transportation, by virtue of the fact that Mrs. Aiken did not, pursuant to Georgia law, record her conditional sales contract in the office of the clerk of the Superior Court of Fulton County, Georgia, prior to the time when the property was delivered to plaintiff by Neal for transportation to Detroit.

There is no issue between the parties as to the amount of purchase money claimed by Mrs. Aiken or the amount of storage charges claimed by the plaintiff, the only issue being the question of relative priorities.

### Conclusions of Law.

1. Railway Express Agency, Inc., the plaintiff, as a common carrier, is entitled to a lien upon the property transported by it in this case from Atlanta to Detroit, together with demurrage charges. It is making no claim for transportation, however, but it does have a claim against the property for demurrage charges as set forth in the above findings of fact.

2. Mrs. Margie Aiken under the terms of her conditional sales contract with Asberry Neal has a lien against the television set involved herein, and under Georgia law the title to said property is vested in Mrs. Aiken as security therefor.

3. Under the laws of Georgia, (see Code Sections 67–1401, 1403, 109) the lien held by Mrs. Aiken for purchase money upon the recordation of her conditional sales contract in the office of the Clerk of Fulton Superior Court, would be superior to any rights in said property acquired by any purchaser from said Neal, and to the rights of any person acquiring a lien upon the same, with the exception of liens for taxes and perhaps other liens not herein involved.

4. The delivery of the property in question by Mrs. Aiken to said Neal, however, and the failure by Mrs. Aiken to record her conditional sales contract as aforesaid, put it in the power of said Neal to sell said property to bona fide purchasers, so that such purchasers could acquire good title to said property superior to the rights of Mrs. Aiken to collect the balance of her purchase money. Failure of Mrs. Aiken to record said contract furthermore made it possible that liens by operation of law could be acquired by third persons and could attach to said property becoming superior to the said lien held by Mrs. Aiken. As to subsequent purchasers, Oaks v. Singer Sewing Machine Company, 1915, 17 Ga. App. 517, 87 S.E. 719. As to subsequent creditors, Rhode Island Works v. Empire Lumber Company, 1893, 91 Ga. 639, 17 S.E. 1012. As to subsequent attachment lien, Rhodes v. Jones, 1937, 55 Ga.App. 803, 191 S.E. 503. As to a lien (landlord) created by law, Evans Motors of Georgia Inc. v. Hearn, 1936, 53 Ga.App. 703, 186 S.E. 751.

5. Defendant Mrs. Aiken contends that Railway Express Agency, having accepted this property for transportation from a person who did not have good title thereto, would be liable in trover to the real owner thereof, to wit, Mrs. Aiken, she having made demand for said property while it was still within the possession of said plaintiff, and counsel cites among other cases upon this question the cases of Southern Express Company v. Palmer, 1873, 48 Ga. 85; Shellnut v. Central of Georgia Railway Company, 1908, 131 Ga. 404, 62 S.E. 294, 18 L.R.A., N.S., 494; Ga. Railroad & Banking Company v. Haas, 1906, 127 Ga. 187, 56 S.E. 313; Ocean Steamship Company v. Southern States Naval Stores Company, 1916, 145 Ga. 798, 89 S.E. 838; Savannah, Florida & Western Railroad Company v. Talbot, (1905) 123 Ga. 378, 51 S.E. 401.

While agreeing that the above statement of law is correct in the abstract, this court finds it is not applicable in the case at bar for the reason that the rights of the true owner, Mrs. Aiken, to enforce her lien for the balance of the purchase price were lost and became inferior to the rights of the plaintiff to collect transportation charges by virtue of a failure of the said Mrs. Aiken to preserve her rights by recording her conditional sales contract pursuant to the provisions of the Georgia statute, and finds that the plaintiff in this case, without actual or constructive knowledge of the rights of Mrs. Aiken, did transport the property in question and obtained a valid lien thereon for demurrage charges superior in rank to the lien of Mrs. Aiken for the balance of the purchase price, pursuant to decisions of the Georgia Courts set forth above.

### Judgment.

It is, therefore, ordered and adjudged, that plaintiff Railway Express Agency, Inc. have judgment against Asberry (Asher) Neal for plaintiff's lawful and proper charges for storing the television set which

is the subject of this action in its on-hand department, Detroit, Michigan, from March 12, 1951, to date, together with future charges therefor until said set is lawfully disposed of, at the rate of $8.10 for the first month and $7.50 for each succeeding month, together with all costs of this action, and that the above judgment is made and declared to be a first lien upon said television set described as

"One Philco brown mahogany combination television and record player, final inspection No. 260113, chassis serial No. M–20014, Model 50–T–1476."